IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID JEROME OLIVER, SR., et al.,

    Plaintiffs,  No. 2:12-cv-2665 GEB GGH PS

    vs.

PLACER SUPERIOR COURT ON BEHALF OF PLACER COUNTY, et al.,

    Defendants.  ORDER AND FINDINGS AND RECOMMENDATIONS
_____/

This action, in which plaintiffs are proceeding pro se, has been referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21).  Presently pending before the court are motions to dismiss, filed February 15, 2013, by Placer County Superior Court ("Superior Court"), and April 10, 2013, by Placer County District Attorney ("D.A.").[1]  Plaintiffs filed an opposition to the motion brought by the Superior Court, but did not file an opposition to the District Attorney's motion.  Upon review of the motions, the documents in support, and the opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS.

/////

---

[1] Both motions were taken under submission without a hearing, which was determined to be unnecessary.  See doc. nos. 47, 51.

1

BACKGROUND

Plaintiffs bring suit against Placer County Superior Court and the Placer County District Attorney's Office, claiming that the D.A. filed vindictive and malicious complaints in two cases, and the court issued "an illegal order pertaining to Child Custody Restraining Orders." (FAC at 2.) The claims surrounding these events, which allegedly took place between July, 2011 and October, 2012, are limited to the prosecution and court orders in those cases. Since the filing of the amended complaint, plaintiffs have filed various letters asserting that the state court is continuing to violate their constitutional rights through court orders, as recently as April, 2013. The amended complaint ("FAC") is brought pursuant to 42 U.S.C. § 1983 and alleges violations of the First, Fourth, Eighth and Fourteen Amendments. Plaintiffs seek injunctive and monetary relief.

DISCUSSION

I. Legal Standards

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

/////

1  In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S. Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

II.  D.A.'s Motion to Dismiss

The D.A. rests its motion on *res judicata* based on the dismissal of the D.A. in a previously filed case in this court brought by the Oliver group, and failure to state a claim against the D.A.'s office under 42 U.S.C. § 1983 for various reasons. In a letter, filed April 23, 2013, plaintiffs state that they informed the court in this companion case, Oliver v. Superior Court, et al. ("Oliver I"), No. 2:12–cv-2388 GEB DAD, that they "do not oppose dismissal against Placer

County District Attorney Office." (Doc. no. 50.)[2] Because the claims in the FAC in this case are almost identical to the claims alleged against the D.A. in the FAC filed in that case, the court construes plaintiffs' statement of non-opposition to apply to the D.A. in this case also.[3] See Oliver I, No. 2:12-cv-2388 GEB DAD, doc. nos. 30, 36.

      To the extent the court has misconstrued plaintiffs' letter, and they have no intention of dismissing the D.A. in this case, the D.A.'s motion will be granted in any event. First, although the court liberally construes the pleadings of pro se litigants, they are required to adhere to the rules of court. As set forth in the district court's order requiring status report, failure to obey local rules may not only result in dismissal of the action, but "no party will be entitled to be heard in opposition to a motion at oral arguments if opposition has not been timely filed by that party." E. D. Cal. L. R. 230(c). More broadly, failure to comply with the Local Rules or "any order of the court may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E. D. Cal. L. R. 110; see also E. D. Cal. L. R. 183 (requiring compliance with the Local and Federal Rules by pro se litigants). Here, plaintiffs have failed to oppose the D.A.'s motion. In fact, plaintiffs stated their intention to file a second amended complaint in this regard.[4] (Doc. no. 50 at 1.)

      A second amended complaint will not be necessary as the D.A.'s motion will be granted on the merits.[5] Prosecutors are absolutely immune from civil suits for damages under

---

[2] This filing also attempts to sanction defense counsel Jacob for filing a motion to dismiss; however, the request is frivolous and will be denied.

[3] The only claim that is different between these two cases is claim three. In the first Oliver case, claim three is for false arrest and imprisonment. In the second Oliver case, the third claim is for false evidence.

[4] In a later filing, dated April 21, 2013 and filed May 30, 2013, plaintiff David Oliver Sr. states that he will not be including his family in this lawsuit at this time due to the emotional and financial toll that "these matters" have placed on them. He states that he will amend the complaint if his financial condition improves. (Doc. no 52.)

[5] The FAC does not name prosecutor Baillie as a defendant; however, it refers to this person as a defendant. (FAC at 2.)

4

§ 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409, 96 S. Ct. 984 (1976). Determining whether a prosecutor's actions are immunized requires a functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986)(en banc). The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune. Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).

The allegations throughout the FAC against the D.A.'s office (sometimes erroneously referenced as the Placer County Public Defender Office)[6] and its prosecutors is that they filed a malicious and vindictive complaint based on violation of court order, and that they prosecuted plaintiff without probable cause. Defendants D.A. and Baillie are absolutely immune based on the allegations. Therefore, the D.A. and Baillie, to the extent this individual is named as a defendant, will be dismissed.[7]

III. Superior Court's Motion

The Superior Court moves to dismiss based on Eleventh Amendment and judicial immunity, and the Rooker-Feldman doctrine and Younger abstention in regard to state court proceedings concerning the same matters.

First, judges are absolutely immune from civil liability for damages for acts performed in their judicial capacity. Pierson v. Ray, 386 U.S. 547, 553-559, 87 S. Ct. 1213 (1967). An act is "judicial" when it is a function normally performed by a judge and the parties

---

[6] The allegations clearly refer to the actions of the District Attorney's Office.

[7] Based on absolute immunity which requires dismissal with prejudice, it is unnecessary to address the D.A.'s other grounds for dismissal, including res judicata and failure to state a section 1983 claim against the D.A.

dealt with the judge in his judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 362, 98 S. Ct. 1099 (1978). The FAC alleges that the Placer County Superior Court issued "illegal orders," "ignored the facts and laws," and conspired with other individuals to violate the law. (FAC, ¶¶ 5, 6, 8, 21.) Since the alleged actions by the Superior Court judges were made in their judicial capacity, this defendant must be dismissed.

Furthermore, plaintiffs' claims against the Superior Court must be dismissed based on sovereign immunity. See Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir.1987) ("a suit against the Superior Court is a suit against the State, barred by the eleventh amendment" ) (citation omitted). This is because judges and court employees are state, not county, employees. See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (superior courts and their employees are considered arms of the state for Eleventh Amendment purposes and are not liable under § 1983).

Based on the absolute immunities enjoyed by the Court, there should be no need to address this defendant's other grounds for dismissal. Nevertheless, because plaintiffs continue to assert that this court has authority over state court proceedings, the matter will be addressed. It would be inappropriate for a federal court to interfere in the family law matter pending in state court. See Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987) (no abuse of discretion in district court's abstention from hearing § 1983 claims arising from a child custody dispute pending in state court); Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983) (upholding abstention by district court in dispute involving father's visitation rights). Disputes regarding child custody and visitation are domestic relations matters traditionally within the domain of the state courts, and it is appropriate for federal district courts to abstain from hearing such cases, especially when there are ongoing state judicial proceedings. Coats, 819 F.2d at 237. In this case, there are ongoing state judicial proceedings, most recently noted in April, 2013. See Doc. no. 46. It therefore appears that plaintiffs have an adequate opportunity to raise their constitutional claims in the state courts.

This district court should abstain from adjudicating this case related to domestic relations.

### IV.  Plaintiff Wilborn's Request to be Removed from this Case

On March 4, 2013, plaintiff Wilborn filed a request to be removed from this action.  Pursuant to Fed. R. Civ. P. 41(a)(1)(A), plaintiff Wilborn's request is construed as a request for voluntary dismissal, and shall be honored.

### CONCLUSION

Accordingly, IT IS ORDERED that:

1. Plaintiff Wilborn's request to be removed from the action, filed March 4, 2013, (doc. no. 40), construed as a request for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A), is granted and her claims are dismissed; and

2. Plaintiffs' request to sanction defense counsel Jacob, filed April 23, 2013, (doc. no. 50), is denied.

For the reasons stated herein, IT IS HEREBY RECOMMENDED that:

1. Placer County Superior Court's motion to dismiss, filed February 15, 2013, (doc. no. 38), be granted;

2. Placer County District Attorney's motion to dismiss, filed April 10, 2013, (doc. no. 45), be granted; and

3. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The

/////

1 parties are advised that failure to file objections within the specified time may waive the right to
2 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: June 10, 2013

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE

GGH:076/Oliver2665.fr-mtd.wpd